FREDERICK S. ARMSTRONG AND JAMES BLISS COOMBS, Copartners Composing the Firm of L. W. & P. Armstrong, Plff.,

*v.*

ISABEL LOPEZ CRUZ, Vda. de Bird in Her Own Behalf and as Natural Guardian of Her Minor Children, Carlos, Esteban, Nicolasa, Ramón, and Hector Bird Lopez, and Enrique, Manuel, Maria Isabel, Joaquina, and Julio Bird Lopez.

---

San Juan, Equity, No. 1092.

RECEIVERSHIP.

Receiver Sued by Claimant—Must be in Federal Court.

A widow on her own behalf and on behalf of her minor children has a right to bring a suit against a receiver, based upon her claim that part of the property in the possession of the receiver under the order of this court had been obtained from her by fraud; but such suit should be brought in this court. This court will not, except in extraordinary cases, permit its own receiver to be sued in the Insular courts.

Armstrong v. Cruz

Opinion filed December 7, 1921.

---

*Mr. Jaime Sifre* for plaintiff.

*Mr. M. Benitez Flores* for defendants.

*Mr. H. G. Molina* for receiver.

*Mr. Juan B. Soto* for petitioner.

ODLIN, Judge, delivered the following opinion:

In this case Maria Mata, widow of Bird, has asked leave of the court to bring a suit against the receiver, Albert Lee, based upon her claim that part of the property in the possession of the receiver under the order of this court, was obtained from her by fraud, and that she is entitled to have the instrument annulled and also to an accounting.

Upon the hearing of the petition for leave to sue the receiver, it was conceded by counsel for the receiver that the said petitioner, Maria Mata, widow of Bird, ought to be entitled to bring a suit against the receiver, but it was insisted that this suit should be brought before the Insular district court at Humacao, because the defendants in the original bill and the said petitioner are all domiciled in the Island of Porto Rico.

Of course, if there were no receivership and if the widow, Maria Mata, was suing the widow, Isabel Lopez Cruz, such suit would necessarily be brought in the Insular court, but, inasmuch as the property involved is in the possession of a receiver ap-

XII. Porto Rico.—23.

pointed by the United States district court, it is clearly within the discretion of the judge of the latter court to direct whether this proposed suit against the receiver shall be brought in the Insular court or in this court.

Of course the judge who is at present presiding over the United States district court is not seeking for more labors to perform than those which necessarily fall upon his shoulders. But in considering the forum which shall grant a hearing to the said widow, Maria Mata, it is only fair to take into consideration the matter of costs and expenses to the parties litigant. This present controversy involves property of so large a value that the case will probably ultimately go to the circuit court of appeals at Boston in any event, and it is only fair to take into consideration that if the proposed suit shall be filed in the Insular court at Humacao the proceedings will be in Spanish, and there will be two appeals, one in Spanish to the Supreme Court of Porto Rico, and a second appeal in English to the circuit court of appeals at Boston. It is safe to say that the actual costs of litigation in that form would be five times the amount of costs if the litigation would proceed in the United States district court.

For this reason alone, it is ordered that the proposed suit proceed against the receiver in this court, and, inasmuch as counsel for the receiver has already been served with a copy of the cause of action, it is now ordered that the receiver do answer the same on or before the 2d day of January, 1922.